UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole Z.,[1] | Case No. 23-CV-01800 (JMB/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Martin J. O'Malley, *Commissioner of Social Security Administration*, | |
| Defendant. | |

James H. Greeman, Greeman Toomey, Minneapolis, MN, and Bryan Konoski (*pro hoc vice*), Konoski & Partners, P.C., New York, NY, for Plaintiff Nicole Z.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, James D. Sides and Marisa Silverman, Social Security Administration, Baltimore, MD, for Defendant Martin J. O'Malley, Commissioner of Social Security Administration.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung dated May 29, 2024, which recommends denying Plaintiff Nicole Z.'s request for relief, granting Defendant Commissioner of Social Security Administration Martin J. O'Malley's (the Commissioner) request for relief, and affirming the Commissioner's decision denying Plaintiff's application for disability insurance benefits.  (Doc. No. 20.)  Plaintiff timely objected to the R&R (Doc. No. 21), and Defendant responded.  (Doc. No. 23.)  For the reasons discussed below, the Court sustains Plaintiff's objection and declines to adopt the R&R.

---

[1] This District has adopted a policy of using only the first name and last initial of any non-governmental parties on orders in Social Security matters.

1

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Further, because the R&R provides a detailed procedural history, the Court only briefly summarizes it here.

In May 2021, Plaintiff filed an application for a period of disability insurance benefits on grounds that she was disabled, as defined in the Social Security Act (SSA). (Doc. No. 12 [hereinafter, "Admin. Rec."] at 194.[2]) The Social Security Administration denied her claim initially (*id.* at 210–14), and it affirmed that denial upon reconsideration. (*Id.* at 221–25.) Plaintiff then timely requested a hearing before an Administrative Law Judge (ALJ) (*id.* at 231–32), and the ALJ held a hearing on the matter on August 10, 2022. (*Id.* at 132–80.) At that hearing, Plaintiff testified on her own behalf (*id.* at 144–71), and a vocational expert (VE) also testified, concluding that there were jobs in the national economy suitable for a person with physical and mental limitations similar to Plaintiff's. (*Id.* at 172–80.) On August 31, 2022, the Commissioner sent notice of an unfavorable decision to Plaintiff. *(Id.* at 13–15.)

The ALJ followed the five-step process set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v) to determine whether an individual is disabled. Specifically, the ALJ determined that Plaintiff satisfied the first two steps: (1) Plaintiff had not engaged in substantial gainful activity and (2) had the following severe impairments: "cervical and lumbar degenerative disc disease, right knee patellofemoral syndrome, neuropathy of the bilateral feet, obesity,

---

[2] Citations to the administrative record identify the page number listed in the lower right corner of the cited document.

major depressive disorder, generalized anxiety disorder, borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD)." (Admin. Rec. at 19–20.) The ALJ next determined that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of one of the listed impairments. (*Id.* at 20–25.) The process, thus, proceeded to step four—assessing Plaintiff's residual functional capacity (RFC). With respect to Plaintiff's social limitations, the ALJ found that Plaintiff's RFC limited her to "perform[ing] simple, routine tasks involving only occasional interaction with coworkers, supervisors, and the public." (*Id.* at 25.) Finally, based on this RFC, the ALJ posed a hypothetical question to a VE and credited the VE's response to support its finding that Plaintiff could perform other work that exists in significant numbers in the national economy. (*Id.* at 29–31.) Thus, the ALJ determined that Plaintiff was not disabled. (*Id.* at 31.)

Plaintiff commenced this action seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). (Doc. No. 1.)

## DISCUSSION

A district court reviews de novo any aspect of an R&R to which a party timely objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3). Plaintiff's timely objection centers on the evidence concerning the social contact limitations resulting from her combination of impairments. Plaintiff argues that the Court should vacate and remand the matter because the ALJ expressly found that the opinions of two state agency medical consultants were persuasive, but then, without any analysis or explanation, the ALJ reached a conclusion that was not consistent with these opinions. For

3

the following reasons, the Court agrees with Plaintiff.

20 C.F.R. § 416.920c governs how an ALJ must evaluate opinion evidence and prior administrative medical findings related to the RFC and other aspects of the five-step process. *See Austin v. Kijakazi*, 52 F.4th 723, 728 & n.2 (8th Cir. 2022); 20 C.F.R. § 416.920c. Medical opinions and prior administrative medical findings are not entitled to special deference. *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022). "Instead, ALJs evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers*, 40 F.4th at 875; *accord Austin*, 52 F.4th at 728; *see generally* 20 C.F.R. 416.920(c). "The first two factors—supportability and consistency—are the most important." *Bowers*, 40 F.4th at 875; *accord Austin*, 52 F.4th at 723; *see* 20 C.F.R. § 416.920c(a), (b)(2). With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

The ALJ is also required by these regulations to "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [his or her] determination or decision." 20 C.F.R.

4

§ 416.920c(b)(2); *see, e.g.*, *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam). ALJs "may, but are not required to, explain how [they] considered" the other factors. 20 C.F.R. § 416.920c(b)(2); *see Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023) ("Having considered the supportability and consistency of [the medical source]'s opinion, the ALJ did not need to discuss other factors.").

In situations where an ALJ finds a medical opinion persuasive but omits part of the medical opinion from the RFC, courts ask the following two questions to assist in deciding whether to affirm or vacate and remand an ALJ's denial of benefits: (1) has the ALJ explained its decision not to adopt the medical opinion verbatim and (2) has the ALJ set limits on the social interactions that otherwise aligned with the opinions it found persuasive. *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (affirming denial of benefits and holding that ALJ's reference to "occasional" interactions instead of "superficial" interactions was not inconsistent with persuasive medical opinions because ALJ otherwise addressed the quality of claimant's workplace interactions by finding that he could have "no team, tandem, or public-facing work"); *compare Jason L. v. O'Malley*, No. 23-CV-184 (JWB/JFD), 2024 WL 965240, at *2 (D. Minn. Mar. 6, 2024) (vacating and remanding denial of benefits because although "ALJ may have a valid reason for excluding the proposed superficial interaction limitation in her RFC, . . . that reason must be explained"), *with Charlita N. v. O'Malley*, No. 23-CV-1283 (NEB/DTS), 2024 WL 1667155, at *1 (D. Minn. Apr. 15, 2024) (affirming denial of benefits despite ALJ's omission of the qualifier "superficial" from RFC because ALJ restricted the quality of plaintiff's social interactions to include "no tandem tasks or

5

teamwork" and "no interactions with the general public"); *see also Jennifer L. K. v. Kijakazi*, No. 22-CV-700 (NEB/DTS), 2023 WL 3998033, at *7 (D. Minn. May 26, 2023) (vacating and remanding denial of benefits where ALJ found medical opinions persuasive but did not provide any reason for omitting limitations expressed in those opinions), *report and recommendation adopted*, 2023 WL 3996239 (D. Minn. June 14, 2023).

To formulate Plaintiff's RFC, the ALJ evaluated the opinion evidence of two state agency medical consultants who opined that Plaintiff was "capable of performing simple, routine work tasks in a static work environment with . . . only brief, superficial workplace interactions." (Admin. Rec. at 28.)[3] In evaluating the persuasiveness of these opinions, the ALJ explained how she considered both the supportability and consistency factors. First, in considering whether the opinions were supported by objective medical evidence, the ALJ explained that the limitations were "generally supported by the initial and reconsideration level evidence," only reasoning that a limitation to a "routine work environment" was not supported, given Plaintiff's independence "in her self-care and activities of daily living, including caring for her children, driving and going out alone." (*Id.*) Second, in considering whether the opinions were consistent with other medical sources, the ALJ explained that these limitations were "partially consistent" with the hearing level evidence but reasoned that "a more significant restriction in [Plaintiff's]

---

[3] It is important to note that courts use distinct terms to differentiate various types of contact limitations. *Charlita N.*, 2024 WL 1667155, at *1. For instance, "brief" refers to the length of a particular interaction, "superficial" refers to the quality of the interaction, and "occasional" refers to how often such interactions occur. *Tiffany B. v. Kijakazi*, No. 22-CV-1227 (ECT/DLM), 2023 WL 3958424, at *4 (D. Minn. May 22, 2023), *report and recommendation adopted*, 2023 WL 3955348 (D. Minn. June 12, 2023).

6

requirement to interact with others" was warranted given Plaintiff's ongoing engagement in mental health treatment, difficulty managing stressors, and social withdrawal.  (*Id.*)

Despite finding the state agency medical consultants' opinions partially persuasive and concluding that an even more significant restriction was in order, the ALJ omitted their recommended limitation on "brief, superficial workplace interactions" from the RFC.  (*Id.* at 25.)  Instead, the RFC states that Plaintiff was "able to perform simple routine tasks involving only occasional interaction with coworkers, supervisors, and the public . . . ." (*Id.*)  Notably, the ALJ did not explain the omission of the limitation on superficial and brief interactions and did not otherwise set limits on the quality or duration of Plaintiff's workplace interactions.  Nor did the ALJ incorporate its earlier conclusion that even more significant restrictions were in order.

Absent such explanation, the Court is unable to review the ALJ's decision.  *Jolene J.-D. v. O'Malley*, No. 23-CV-2297 (JMB/DLM), 2024 WL 388001 (D. Minn. July 1, 2024), *report and recommendation adopted*, 2024 WL 3470786 (D. Minn. July 19, 2024) ("[W]here the ALJ's decision does not adopt a part of the medical findings, they must explain why, such that their explanation is reviewable."); *Jason L.*, 2024 WL 965240, at *2 ("It is improper for a court reviewing such [a] decision[] to guess at the ALJ's reasoning or manufacture justifications that the ALJ herself did not provide.")  The Court therefore remands this matter to the Commissioner, under sentence four of 42 U.S.C § 405(g), for the ALJ to complete the record.  *See* 42 U.S.C § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding

7

the cause for a rehearing.") On remand, the ALJ should explain why Plaintiff's RFC should (or should not) be further limited to brief and superficial workplace interactions with coworkers, supervisors, and the general public. Nothing in this Order precludes the ALJ from deciding to recall a VE for testimony to address new hypothetical questioning based on a modified RFC.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Objection (Doc. No. 21) is SUSTAINED;

2. The R&R (Doc. No. 20) is NOT ADOPTED;

3. Plaintiff's request for relief (Doc. No. 16) is GRANTED;

4. Defendant's request for relief (Doc. No. 24) is DENIED; and

5. The Commissioner's final decision is vacated and this case is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 9, 2024                   /s/ *Jeffrey M. Bryan*
                                           Judge Jeffrey M. Bryan
                                           United States District Court

8